UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REDISEGNO.COM, S.A. DE C.V.,<br><br>Plaintiff,<br><br>v.<br><br>BARRACUDA NETWORKS, INC., et al.,<br><br>Defendants. | Case No. 5:20-cv-00316-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 24 |

Before the Court is Defendants Barracuda Networks, Inc. ("Barracuda") and Ismael Toscano ("Toscano")'s motion for judgment on the pleadings. Having considered the Parties' papers, the Court **GRANTS** Defendants' motion for judgment on the pleadings.[1]

### I.   BACKGROUND

On or about October 16, 2007, Plaintiff Redisegno.com, through Defendant Edgar Chake Corella Flores ("Flores"), entered into a Reseller Agreement with Defendant Barracuda to become a reseller/distributor of certain Barracuda "Products and Services." *See* Complaint ("Compl.") ¶ 19, Dkt. 1.

On or around June 4, 2015, a federal agency of the Mexican Government *Caminos y Puentes Federales de Ingresos y Servicios Conexos* ("CAPUFE") solicited bids for a project. *Id* ¶ 21. Plaintiff, then owned by Flores and his mother, successfully bid on the contract. *Id.* ¶ 22. The CAPUFE contract was awarded to Plaintiff on July 8, 2015 and entered into on July 23, 2015.

---

[1] Pursuant to N.D. Cal. Civ. L.R. 7-1(b), this Court finds this motion suitable for consideration without oral argument.
Case No.: 5:20-cv-00316-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

1

*Id.* ¶ 25.

On August 11, 2015, Flores and his mother transferred their interest, shares and rights in Redisegno to Fact Leasing, S.A. de C.V. and to Mr. Carlos Alberto Lugo Vega (the "New Owners"). *Id.* Plaintiff alleges that Flores led the New Owners to believe that Redisegno had already purchased from Barracuda the IT product necessary to perform under the CAPUFE contract. In fact, Plaintiff only had demos of Defendant Barracuda's product, which expired after six months. *Id.* ¶ 27. Defendant Barracuda allegedly refused to supply equipment to Plaintiff and disavowed their relationship, despite assuring the Mexican Government that it would fully support Plaintiff's bid. *Id.* ¶¶ 23, 27. The deadline for the equipment installation under the CAPUFE contract was October 11, 2015. *Id.* ¶ 24. Because Defendant Barracuda would not provide the IT solutions to Plaintiff, Plaintiff failed to honor its commitments to CAPUFE and CAPUFE administratively rescinded the contract on or about January 18, 2016. *Id.* ¶ 32.

On August 17, 2017, Plaintiff field a complaint against Barracuda in the United States District Court for the Southern District of Texas. *See* fn. 3. There, Plaintiff alleged only two causes of action against Defendant Barracuda: (1) tortious interference with an existing contract, and (2) breach of implied contract. On January 11, 2018, the Texas district court dismissed the complaint for lack of personal jurisdiction and improper venue.

On January 14, 2020, Plaintiff filed this action. *See generally* Compl. The Complaint names four Defendants—Barracuda, Ismael Toscano, Flores, and PC COM. On June 5, 2020, Defendants Barracuda and Toscano filed a motion for judgment on the pleadings as to Plaintiffs' fourth (tortious interference) and fifth (conspiracy) claims for relief.[2] *See* Defendants Barracuda & Toscano's Motion for Judgment on the Pleadings ("Mot."), Dkt. 24.[3] The tortious interference

---

[2] Plaintiff also asserts this claim against Defendant Flores and asserts its fifth cause of action against Defendants Flores and PC COM. Because only Defendants Barracuda and Toscano bring the motion for judgment on the pleadings, the Court confines its analysis to only these Defendants.
[3] Defendants ask this Court to take judicial notice of the complaint that Plaintiff filed in Texas. Defendants' Request of Judicial Notice ("RJN"), Dkt. 25. Federal Rule of Evidence 201(b) permits a court to take judicial notice of an adjudicative fact "not subject to reasonable dispute," that is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Specifically, a court may take judicial notice of

Case No.: 5:20-cv-00316-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
2

claim is premised on Defendants failure to provide Plaintiff with the necessary IT product/solutions. *See supra*; *see also* Compl. ¶ 60. The conspiracy claim alleges that Defendants conspired to deprive Plaintiff of the IT to force Plaintiff to purchase the IT from PC COM or to enable PC COM to receive the CAPUFE Contract. *Id.* ¶¶ 66, 67. Defendants argue these claims are time-barred under the applicable statute of limitations. *See* Mot; *see also* Defendants' Reply to Opposition to Motion for Judgment on the Pleadings ("Reply"), Dkt. 27. Plaintiff disagrees. Plaintiff's Response to Defendants' Motion for Judgment on the Pleadings ("Opp."), Dkt. 26.

## II.     LEGAL STANDARD

After the pleadings are closed, any party may move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). A Rule 12(c) motion challenges the legal sufficiency of the opposing party's pleadings and operates like a motion to dismiss under Rule 12(b)(6). *Morgan v. Cty. of Yolo*, 436 F. Supp. 2d 1152, 1154–55 (E.D. Cal. 2006).

Judgment on the pleadings is appropriate if, assuming the truth of all materials facts pled in the complaint, the moving party is nonetheless entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir.1989). However, conclusory allegations of law or unwarranted inferences of fact urged by the nonmoving party are insufficient to defeat the motion. *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001). In addition, a court's obligation to construe allegations in the light most favorable to the nonmoving party does not mean that those allegations must be so construed if such a construction cannot reasonably be made. *Id*. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

---

matters of public record. *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 999 (2018). Because the document sought to be noticed is a matter of public record, the Court **GRANTS** Defendants' request for judicial notice.

Case No.:   5:20-cv-00316-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
3

Like a motion under Rule 12(b)(6), in addition to considering the allegations of the complaint, the court may also consider materials subject to judicial notice. *Heliotrope Gen., Inc. v. Ford Motor Co.,* 189 F.3d 971, 981 (9th Cir.1999). A Rule 12(c) motion for judgment on the pleadings may thus be granted if, after assessing both the complaint and matters subject to judicial notice, it appears "beyond doubt that the [non-moving party] cannot prove any facts that would support his claim for relief." *R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Eng'rs, Local 150, AFL–CIO,* 335 F.3d 643, 647 (7th Cir. 2003).

Dismissal under Rule 12(c) is proper if the complaint shows on its face that it is time-barred by the applicable statute of limitations. *Hunt v. Cty. of Shasta* 225 Cal. App. 3d 432, 440 (1990); *see also Yetter v. Ford Motor Company*, 428 F. Supp. 3d 210, 231 (N.D. Cal. 2019) ("[T]he statute of limitations alone suffice[d] to grant Defendant's motion for judgment on the pleadings on all of Plaintiff's claims . . . .").

### III. DISCUSSION

Defendants argue that Plaintiff's tortious interference and conspiracy claims are time-barred and must be dismissed. The Court agrees.

#### A. Tortious Interference

As stated, the court may grant a motion for judgment on the pleadings when it appears on the face of the complaint that a cause of action is barred by the applicable statute of limitations. *Crosby v. Wells Fargo Bank, N.A.*, 42 F.Supp.3d 1343 (C.D. Cal. 2014). The statute of limitation for tortious interference with contract is two years. *Knoell v. Petrovich*, 76 Cal. App. 4th 164, 168 (1999); *see also* Cal. Civ. Proc. Code § 339. Under California law, the two-year statute of limitations begins to run no later than the date of the breach or termination of the underlying contract. *Forcier v. Microsoft Corp.*, 123 F. Supp. 2d 520, 530 (N.D. Cal. 2000); *see also D.C. Comics v. Pac. Pictures Corp.*, 938 F. Supp. 2d 941, 948 (C.D. Cal. 2013) (tortious interference claim accrues "at the date of the wrongful act").

Here, the "date" of the alleged tort was January 18, 2016, which is the day that CAPUFE rescinded the underlying contract. This means that Plaintiff had until January 18, 2018 to file its tortious interference claim. But, Plaintiff did not file this claim until January 14, 2020—almost four years after the date of the alleged interference with Plaintiff's CAPUFE contract.

In response, Plaintiff argues that the CAPUFE contract with which Defendants allegedly interfered is still viable since it was only "administratively rescinded" and Plaintiff "still wishes to perform" and thus Defendants' interference is "ongoing and continuous." Opp. at 5. However, in both this Complaint and the complaint filed in Texas, Plaintiff repeatedly alleges, in the past tense, that the CAPUFE contract was lost, rescinded, and terminated. *See* Compl. ¶ 2 ("Redesign lost a government contract"); *Id.* ¶ 32 (stating that the contract at issue was "administratively rescinded"); *Id.* ¶ 38 ("Redesign lost the CAPUFE contract, and the potential income therefrom"); *Id.* ¶ 45 ("Plaintiff lost the CAPUFE Contract"); *Id.* ¶ 54 ("Barracuda's conduct caused Redesign to be unable to perform on the CAPUFE Contract, and ultimately caused CAPUFE to terminate the Contract"); *Id.* ¶ 55 ("Redesign has suffered damages, including, but not limited to, lost profits from the *termination* of the CAPUFE Contract."); *Id.* ¶¶ 61, 62 ("CAPUFE terminated the Contract"); *Id.* ¶ 68 ("[Plaintiff] lost the CAPUFE Contract and suffered a severe financial loss from the termination of said contract"); *see also* RJN, Ex. 1 at ¶¶ 14, 15 (stating that CAPUFE rescinded the contract, which resulted in financial loss).

The above statements are judicial admissions that the CAPUFE contract was terminated in January 2016. This is consistent with Plaintiff's Texas complaint, which alleges tortious interference *based on the January 2016 termination*. Notably, nowhere in the Texas complaint or the Complaint at hand does Plaintiff argue that Defendants "continue to tortuously interfere with Plaintiff's contract with CAPUFE." Opp. at 5. The Court is dubious that a theory of "continued tortious interference" to toll the statute is even viable. *See D.C. Comics*, 938 F. Supp. 2d at 949 ("To the extent plaintiffs allege in their complaint that the continuous accrual theory applies to this claim, the Court is unaware of any authority applying this equitable doctrine (under California law) to tortious interference claims.").

Case No.: 5:20-cv-00316-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
5

Moreover, the mere existence of the Texas action indicates that the tortious interference (and conspiracy) claim accrued in January 2016. This is supported by precedent—a tortious interference claim typically accrues "at the date of the wrongful act." *D.C. Comics*, 938 F. Supp. 2d at 948. "But in no event does a claim accrue 'later than the actual breach of the contract by the party who was wrongfully induced to breach," because the breach is the culmination of the alleged wrong." *Id.* (quoting *Trembath v. Digardi*, 43 Cal. App. 3d 834, 836 (1974)). Thus, the breach occurred on January 18, 2016 because that is the date CAPUFE rescinded (administratively or not) the contract based on Defendants' alleged non-performance.

### B. Civil Conspiracy

"Conspiracy is not a cause of action but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Applied Equip. Corp. v. Litton Saudi Arabia, Ltd.*, 7 Cal. 4th 503, 511 (1994). Where the complaint alleges both a conspiracy and the commission of a wrongful act, the only significance of the former allegation is its rendering of each participant in the wrongful act liable as a joint tortfeasor, regardless of his degree of participation. *Widdows v. Koch*, 263 Cal.App.2d 228, 234 (1968).

Here, the alleged conspiracy was to commit the interference with Plaintiff's CAPUFE contract. Compl. ¶ 68. The civil conspiracy claim is thus premised on the tortious interference claim. Hence, the statute of limitations for each claim is the same. *Kenworthy v. Brown* (1967) 248 Cal.App.2d 298, 301 (the statute of limitations is determined by the nature of the action in which the conspiracy is alleged); *see also Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 208 (9th Cir.1991) (finding that because the underlying cause of action was barred by the applicable statute of limitations, "the civil conspiracy claim also . . . fail[ed]"). Accordingly, the same reasoning discussed above applies equally to the civil conspiracy claim.

### C. Equitable Tolling[4]

Plaintiff argues in the alternative that even if the statute of limitations began accruing on January 18, 2016, the statute has been equitably tolled based on Plaintiff's first lawsuit. Equitable tolling requires: "(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing a second claim." *Collier v. City of Pasadena,* 142 Cal. App. 3d 917, 924 (1983).

Here, Plaintiff cannot meet the third factor. Plaintiff waited more than two years after the U.S. District Court for the Southern District of Texas dismissed its action to refile suit. That constitutes an unreasonable delay. *Ervin v. Cty. of L.A.*, 848 F.2d 1018, 1020 (9th Cir.1988) (year and a half wait to file second claim unreasonable and not in good faith). Indeed, "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S.147, 151 (1984). Accordingly, the doctrine of equitable tolling does not apply.

### D. Amendment

Plaintiffs next argue that they should be provided leave to amend their complaint as to the tortious interference and conspiracy claims. Specifically, Plaintiff argues they should be given a chance to "plead around" the defense by alleging facts that would avoid it, like tolling or delayed discovery. Opp. at 6. The Court, however, does not understand how Plaintiff could plead facts to support a delayed discovery or tolling theory. *See supra*. Plaintiff has no claim that it did not know about the alleged breach and thus that delayed discovery should apply—its pleadings indicate that Plaintiff knew about Defendants' alleged breach in 2015. Accordingly, amendment would be futile and leave to amend is **DENIED**. *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291,

---

[4] In this section of its brief, Plaintiff again argues that the claims have not tolled yet as Plaintiff is still attempting to perform the CAPUFE contract. Even accepting this argument (which the Court rejected above), that has no bearing on equitable tolling, which prolongs the limitation period. Hence, if the Court agreed that the breach is ongoing and thus that the statute has not tolled, Plaintiff would not need the doctrine of equitable tolling.

Case No.: 5:20-cv-00316-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
7

296 (9th Cir. 1990) ("It is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile.").

## IV. CONCLUSION

Because Plaintiff's fourth and fifth claims are barred by the applicable statute of limitations, the Court **GRANTS** Defendant's motion for judgment on the pleadings as to these claims. Nothing in this Order should be construed as affecting Plaintiff's other claims or the applicability of the fourth and fifth claims to Defendants PC COM and Flores.

**IT IS SO ORDERED.**

Dated: July 14, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-00316-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
8