UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REDISEGNO.COM, S.A. DE C.V.,<br><br>Plaintiff,<br><br>v.<br><br>BARRACUDA NETWORKS, INC., et al.,<br><br>Defendants. | Case No.  5:20-cv-00316-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR AN ORDER REQUIRING PLAINTIFF TO POST AN UNDERTAKING**<br><br>Re: Dkt. No. 40 |

Presently before the Court is Defendant Barracuda Networks, Inc.'s ("Barracuda") motion requesting an order requiring Plaintiff Redisegno.com, S.A. DE C.V. ("Redisegno") to post an undertaking for costs and attorney's fees pursuant to California Civil Procedure Code § 1030. Having considered the Parties' papers, the Court **GRANTS** Barracuda's motion.[1]

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Factual Background

Redisegno is a Mexican corporation which provides hardware and software solutions in Mexico and is a distributor of Barracuda's products and services. Complaint ("Compl.") ¶ 5, Dkt. No. 1. On or about October 16, 2017, Redisegno through co-defendant Edgar Chake Corella Flores ("Flores") entered into a Reseller Agreement with Barracuda to become a reseller/distributor of certain Barracuda "Products and Services." *Id*. ¶ 19; Ex. A.

On or around June 4, 2015, a Mexican federal agency, Caminos y Puentes Federales de Ingresos y Servicios Conexos ("CAPUFE"), solicited bids for a project aimed at retaining security and information technology services and optimizing communication links related to the country's

---

[1] Pursuant to N.D. Cal. Civ. L.R. 7-1(b), this Court finds this motion suitable for consideration without oral argument.

Case No.: 5:20-cv-00316-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR AN ORDER REQUIRING PLAINTIFF TO POST AN UNDERTAKING

1

infrastructure. *Id*. ¶ 21. Redisegno, then owned by Flores and his mother, successfully bid on the contract, and formally entered into an agreement with CAPUFE on or about July 23, 2015. *Id*. ¶ 24. On August 11, 2015, Flores and his mother transferred their interest, shares, and rights in Redisegno to Fact Leasing, S.A. de C.V. and to Mr. Carlos Alberto Lugo Vega (the "New Owners"). *Id*. Redisegno alleges Flores led the New Owners to believe that Redisegno had already purchased from Barracuda the IT products necessary to perform under the CAPUFE contract. In fact, Redisegno only had demos of Barracuda's product, which expired after six months. *Id*. ¶ 27. Barracuda allegedly refused to supply equipment to Redisegno and disavowed their relationship, despite assuring the Mexican Government that it would fully support Redisegno's bid. *Id*. ¶¶ 23, 27. The deadline for the equipment installation under the CAPUFE contract was October 11, 2015. *Id*. ¶ 24. Because Barracuda would not provide the required IT equipment to Redisegno, Redisegno failed to honor its commitments to CAPUFE and CAPUFE administratively rescinded the contract on or about January 18, 2016. *Id*. ¶ 32.

### B. Procedural History

On August 17, 2017, Redisegno filed a complaint against Barracuda in the Southern District of Texas.[2] There, Redisegno alleged two causes of action against Barracuda: (1) tortious interference with an existing contract, and (2) breach of implied contract. On January 11, 2018, the Texas district court dismissed the complaint for lack of personal jurisdiction and improper venue. Redisegno filed this action on January 14, 2020 asserting claims against Barracuda for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) breach of implied contract, (4) tortious interference, and (5) conspiracy. *See generally* Compl. Following a motion for judgment on the pleadings, the Court found that Redisegno's fourth and fifth claims were barred by the applicable statute of limitations. *See* Order Granting Defendants' Motion for Judgment on the Pleadings ("MJP Order") at 8, Dkt. No. 28. Thus, Redisegno's only remaining

---

[2] The Court previously took judicial notice of Redisegno's complaint from the Southern District of Texas as it is a matter of public record. MJP Order at 2-3; *see also* Request for Judicial Notice ("RJN") Ex. A, Dkt. No. 25.

Case No.: 5:20-cv-00316-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR AN ORDER REQUIRING PLAINTIFF TO POST AN UNDERTAKING

2

claims against Barracuda are for breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of implied contract.

Barracuda has now filed this motion to require an undertaking by Redisegno in the amount of $450,000 to secure its reasonably anticipated costs pursuant to California Civil Procedure Code § 1030. *See* Motion for an Order Requiring Plaintiff to Post and Undertaking ("Mot."), Dkt. No. 40. Redisegno filed an opposition ("Opp'n"), to which Barracuda has filed a reply ("Reply"). Dkt. Nos. 44, 46.

## II.  LEGAL STANDARD

The Ninth Circuit has addressed the framework for the relief sought herein:

> There is no specific provision in the Federal Rules of Civil Procedure relating to security for costs. However, the federal district courts have inherent power to require plaintiffs to post security for costs. "Typically federal courts, either by rule or by case-to-case determination, follow the forum state's practice with regard to security for costs, as they did prior to the federal rules; this is especially common when a non-resident party is involved."

*Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994) (quoting 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2nd § 2671). Accordingly, the application of California procedure is a matter within this Court's discretion.

Here, the Court is guided by California Civil Procedure Code § 1030. Section 1030 provides, "[w]hen the plaintiff in an action . . . resides out of the state, or is a foreign corporation, the defendant may at any time apply to the court by noticed motion for an order requiring the plaintiff to file an undertaking to secure an award of costs and attorney's fees which may be awarded in the action. . . ." Cal. Civ. Pro. Code § 1030(a). "The purpose of the statute is to enable a California resident sued by an out-of-state resident 'to secure costs in light of the difficulty of enforcing a judgment for costs against a person who is not within the court's jurisdiction'" and to prevent out-of-state residents from filing frivolous lawsuits against California residents. *Alshafie v. Lallande*, 171 Cal. App. 4th 421, 428 (2009) (quoting *Yao v. Superior Ct.*, 104 Cal. App. 4th 327, 331 (2002)).

Case No.: 5:20-cv-00316-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR AN ORDER REQUIRING PLAINTIFF TO POST AN UNDERTAKING

3

A defendant requesting that the Court order a plaintiff to post an undertaking must establish a "reasonable possibility that the moving defendant will obtain judgment in the action or special proceeding." Cal. Civ. Proc. Code § 1030(b).  This Court has previously noted that the "reasonable possibility" standard is relatively low.  *See GeoTag, Inc. v. Zoosk*, No. C-13–0217 EMC, 2014 WL 793526, at *3 (N.D. Cal. Feb. 26, 2014).  Thus, a defendant need not show that there is "no possibility" that plaintiff would win at trial, "but only that it [is] reasonably possible that the defendant will] win."  *Baltayan v. Est. of Getemyan*, 90 Cal. App. 4th 1427, 1432 (2001).  At the same time, the "reasonable possibility" standard is not so low as to be non-existent.  The Court declines to read § 1030 so broadly as to require every out-of-state litigant who brings a non-frivolous suit in California to post a bond simply because there is a reasonable chance the defendant may prevail.

As the Ninth Circuit, speaking generally about bond requirements such as § 1030, has noted, "'[w]hile it is neither unjust nor unreasonable to expect a suitor to put his money where his mouth is, tollbooths cannot be placed across the courthouse doors in a haphazard fashion.'" *Simulnet*, 37 F.3d at 576 (quoting *Aggarwal v. Ponce Sch. of Med.*, 745 F.2d 723, 727–28 (1st Cir. 1984)).  This concern is rooted in the fact that courts must take care "not to deprive a plaintiff of access to the federal courts."  *Id*.  Accordingly, the Court agrees with those district courts located in California which have held that, in applying § 1030, a court must consider not only the extent of the requested bond, but also the "degree of probability/improbability of success on the merits, and the background and purpose of the suit."  *Gabriel Techs. Corp. v. Qualcomm Inc.*, No. 08 CV 1992 MMA POR, 2010 WL 3718848, at *2 (S.D. Cal. Sept. 20, 2020); *see also Susilo v. Wells Fargo Bank, N.A.*, No. CV 11–1814 CAS PJWX, 2012 WL 5896577 (C.D. Cal. Nov. 19, 2012) (same); *Plata v. Darbun Enterprises, Inc.*, No. 09CV44–IEG(CAB), 2009 WL 3153747, at *12 (S.D. Cal. Sept. 23, 2009) (same).

### III. DISCUSSION

Although Redisegno, a company based in Mexico, qualifies as a foreign corporation, the

Case No.: 5:20-cv-00316-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR AN ORDER REQUIRING PLAINTIFF TO POST AN UNDERTAKING

4

Parties dispute whether Barracuda can show a reasonable possibility of prevailing on the merits of Redisegno's remaining claims. The Court concludes that Barracuda has a reasonable possibility of prevailing, but that Redisegno need only post a fraction of the undertaking Barracuda seeks.

### A.   Reasonable Possibility of Judgment in Barracuda's Favor

Barracuda first argues there is a reasonable probability that it will prevail on the merits because Redisegno lost all rights under the Reseller Agreement after its prior owners sold their rights in the company without Barracuda's consent. Barracuda relies on the general provision in the Reseller Agreement and argues terms included in the general provision conditioned Redisegno's continuing rights under the Reseller Agreement, following a 50% (or greater) change in control, on Barracuda's consent. Mot. at 8. Moreover, Barracuda asserts that the terms in the general provision represent the Parties' intent to treat a change in control as an assignment of rights to a third-party, which required Barracuda's consent. *Id.*; *see also* Compl., Ex. A ¶ 7. Accordingly, Barracuda posits that because it did not consent to Redisegno's sale to the New Owners, it was relieved of further performance obligations. And therefore, Barracuda cannot be liable for claims arising out of the original Reseller Agreement relationship with Redisegno.

In its opposition Redisegno argues that the Reseller Agreement did not condition its owners' ability to assign their rights on the consent of Barracuda. Opp'n at 4. The terms in the general provision of the Reseller Agreement, however, appear to contradict Redisegno's argument. Given that the Reseller Agreement expressly dictates that Barracuda would be able to assign its rights without any prior consent and also that an assignment had to be "permitted," Barracuda's success on both the express and implied contract-based claims is at least reasonably possible.

Barracuda also argues that even if a viable contract existed between itself and the New Owners of Redisegno, any alleged breach occurred outside the applicable statute of limitations. Mot. at 11-13. Under California law, contract-based claims are subject to a four-year statute of limitations. *See* Cal. Civ. Proc. Code § 337. Redisegno alleges that it "expected [Barracuda] to perform under the contract by October 11, 2015" and that following this, it "then attempted to

Case No.: 5:20-cv-00316-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR AN ORDER REQUIRING PLAINTIFF TO POST AN UNDERTAKING

resolve the issue of [Barracuda's] lack of performance" until January 18, 2016 when CAPUFE administratively rescinded its contract with Redisegno. Compl. ¶¶ 24, 27, 32. The expectation that Barracuda would perform under the contract by October 11, 2015 creates the reasonable possibility that Barracuda will attain a judgment against Redisegno because its claims are time barred.[3]

### B. Additional Factors

As discussed above, courts should also "balance several factors in assessing the propriety of requiring a plaintiff to post security for costs, including whether the litigation has 'the appearance of vexatiousness' and: (i) the degree of probability/improbability of success on the merits, and the background and purpose of the suit; (ii) the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective; and (iii) the reasonable extent of the security to be posted, if any, viewed from the nondomiciliary plaintiff's perspective." *A. Farber & Partners, Inc. v. Garber*, 417 F. Supp. 2d 1143, 1146 (C.D. Cal. 2006) (citing *Simulnet*, 37 F.3d at 576).

Although the record in this case does not have the appearance of vexatiousness in and of itself to justify posting an undertaking, the second *Simulnet* factor is similar to the second factor under California Civil Procedure Code § 1030. *See A. Farber &Partners*, 417 F. Supp. 2d at 1148. Because Barracuda has already demonstrated that it has a reasonable possibility of succeeding on the contract-based claims asserted against it, this weighs in favor of requiring a security. Nonetheless, consideration of the reasonable extent of the undertaking to be posted

---

[3]Redisegno argues that its claims are not time barred because the doctrine of equitable tolling applies. However, the Court previously found that equitable tolling did not apply since Redisegno waited more than two years after the Southern District of Texas dismissed its action to refile suit. MJP Order at 7. Moreover, there can be no equitable tolling for claims which have never been pleaded. The statute of limitations is equitably tolled only on claims in a second-filed action during the pendency of identical claims in a first-filed action that was pursued in a different forum. *Mitchell v. Snowden*, No. 215CV1167TLNACP, 2016 WL 5407858, at *5 (E.D. Cal. June 10, 2016). In the Southern District of Texas case, Redisegno never pleaded a claim for breach of written contract. Redisegno's sole contract-based claim was for breach of implied contract. Therefore, there is still a reasonable possibility that Barracuda will attain judgment because the claims asserted against it are time barred.

Case No.: 5:20-cv-00316-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR AN ORDER REQUIRING PLAINTIFF TO POST AN UNDERTAKING

6

1   requires the Court to reduce the amount Barracuda seeks.  Barracuda does not point to any actions

2   taken by Redisegno or provide sufficient information about the financial state of Redisegno's

3   business which suggest Barracuda will have difficulty enforcing a judgment for attorney fees and

4   costs were it to prevail to justify the amount requested.  The Court does not find Redisegno's

5   difficulties with effectuating service against other defendants in Mexico to be persuasive evidence

6   for this amount.

7         Barracuda claims that it has already incurred $50,355 to date in attorney fees and costs and

8   "conservatively estimates that it may incur an additional $400,000.  *See* Decl. of Jeffrey J.

9   Lederman ("Lederman Decl.") ¶¶ 2-3, Ex A., Dkt. No. 40-1.  Redisegno disputes the

10  reasonableness of both amounts, but does not provide the Court with a figure that it could

11  reasonably post as a security—it argues only that the $450,000 figure is not justified and

12  excessive.  Opp'n at 8.  Given the absence of such context, the Court shall require Redisegno to

13  post a bond in the amount of $250,000.  Such an amount will protect the fees and costs that

14  Barracuda has already incurred, but will help ensure that Redisegno can continue its participation

15  in this action.

16  **IV.    CONCLUSION**

17        Accordingly, the Court **GRANTS** Barracuda's motion to require Redisegno to post an

18  undertaking in the amount of $250,000 within 30 days of the date of this Order.  This Order is

19  entered without prejudice to Barracuda applying to increase the required bond if the current bond

20  is shown to be inadequate.

21  **IT IS SO ORDERED.**

22  Dated: July 22, 2021

23

24                                                      _____

25                                                      EDWARD J. DAVILA
                                                    United States District Judge

26

27

28  Case No.: 5:20-cv-00316-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR AN ORDER REQUIRING PLAINTIFF
TO POST AN UNDERTAKING

*United States District Court*
*Northern District of California*