JEFFREY J. LEDERMAN (SBN 104622)
ROBYN C. CALLAHAN (SBN 225472)
JOSEPH & COHEN, P.C.
1855 Market Street
San Francisco, CA 94103
Telephone 415.817.9200
Email: jcohen@josephandcohen.com
robyn@josephandcohen.com

Attorneys for Defendants BARRACUDA NETWORKS, INC.
and ISMAEL TOSCANO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REDISEGNO.COM, S.A. DE C.V., | Case No: 5:20-cv-00316 |
| Plaintiff, | **DEFENDANT BARRACUDA NETWORKS, INC.'S OPPOSITION TO PLAINTIFF REDISEGNO'S MOTION FOR RELIEF FROM THE COURT'S ORDER OF JULY 22, 2021, REQUIRING POSTING OF UNDERTAKING, AND REQUEST TO VACATE SAID ORDER AND GRANT WAIVER** |
| vs. | |
| BARRACUDA NETWORKS, INC.; ISMAEL TOSCANO; EDGAR CHAKE CORELLA FLORES; PC COM; and DOES 1-20, | |
| Defendants. | *[Filed concurrently with Barracuda's Evidentiary Objections to Declarations of Hugo Figueroa and Alan Ray San Miguel]* |
| | Judge: Hon. Edward J. Davila |
| | Dept.: Courtroom 4, 5th Floor |
| | Hearing Date: February 10, 2022 |
| | Hearing Time: 9:00 a.m. |
| | Complaint Filed: January 14, 2020 |
| | Trial Date: None Set |

1
DEFENDANT BARRACUDA'S OPPOSITION TO PLAINTIFF REDISEGNO'S MOTION FOR
RELIEF FROM ORDER TO POST UNDERTAKING - Case No. 5:20-cv-00316

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ................................................................................................................ 1

II. APPLICABLE RULES AND PROCEDURE .................................................................... 2

III. ARGUMENT ........................................................................................................................ 4

    A. Redisegno Applies the Incorrect Legal Standards for Reconsideration. ........................ 4

        1. Local Rule 7-9 Governs Interlocutory Orders........................................................... 4

        2. Rule 60(b) Does Not Apply to Interlocutory Orders................................................. 5

        3. In any Event, Redisegno Cannot Satisfy Rule 60(b). ............................................... 6

    B. Redisegno's Motion Fails to Comply with Rule 7-9. ...................................................... 7

        1. Redisegno Fails to Make The Requisite Rule 7-9 Showing..................................... 7

            a) Redisegno Presents No Evidence of Reasonable Diligence.................................. 8

            b) Redisegno's "New Evidence" Is Not New............................................................ 8

                (1) Counsel's "Surprise" of Surety Requirements ................................................ 8

                (2) Redisegno's Unsubstantiated "New" Insolvency............................................ 9

            c) Legal Authority Presented for The First Time In Redisegno's Reconsideration Motion.................................................................................................................. 10

    C. Redisegno's Misapplication Of Additional Case Law. .................................................. 11

    D. Redisegno's Erroneous Assertion of Section 1030's Legal Standard. ........................... 12

IV. CONCLUSION.................................................................................................................... 14

i

DEFENDANT BARRACUDA'S OPPOSITION TO PLAINTIFF REDISEGNO'S MOTION FOR
RELIEF FROM ORDER TO POST UNDERTAKING - Case No. 5:20-cv-00316

# TABLE OF AUTHORITIES

Pages(s)

**Cases**

*Aggarwal v. Ponce School of Medicine,*
 745 F. 2d 723 (1st Cir. 1984) .................................................................................................. 12

*Alshafie v. Lallande*
 171 Cal. App. 4th 421 (2009) ............................................................................................. 4, 11

*Ankele v. Johnson*,
 2005 WL 1459553, at *2 (N.D. Cal. June 21, 2005) ................................................................ 7

*Baltayan v. Estate of Getemyan*,
 90 Cal. App. 4th 1427 (2001) ....................................................................................... 4, 11, 12

*Briones v. Riviera Hotel & Casino,*
 116 F.3d 379 (9th Cir. 1997) ..................................................................................................... 6

*Campion v. Old Republic Home Protection Co., Inc.*,
 2011 WL 1935967, at *2 (S.D. Cal. May 20, 2011) ................................................................. 8

*City of Indio v. Solomon*,
 2012 WL 12888855, at *4 (C.D. Cal. Aug. 1, 2012) ................................................................ 6

*EL v. Ally Financial, Inc.,*
 2021 WL 4860047 (C.D. Cal. July 2, 2021) ............................................................................. 3

*Engleson v. Burlington N.R. Co.*,
 972 F.2d 1038, 1044 (9th Cir.1992) .......................................................................................... 7

*Exxon Shipping Co. v. Baker*
  554 U.S. 471 (2008) ................................................................................................................ 10

*Frietsch v. Refco, Inc.,*
 56 F.3d 825 (7th Cir. 1995) ..................................................................................................... 10

*Gabriel Technologies Corp. v. Qualcomm, Inc.,*
 2010 WL 3718848, at *5 (S.D. Cal. Sept. 20, 2010) ............................................................... 13

*In re Volkswagen Clean Diesel Marketing Sales Practices and Products Liability Litigation,*
 2017 WL 2438645 at * 2 (N.D. Cal. June 6, 2017) .................................................................. 4

*Johnson v. CFS II, Inc.*,
 2013 WL 6700394, at *1 (N.D. Cal. Dec. 19, 2013) ................................................................. 5

*Kona Enterprises, Inc. v. Estate of Bishop,*
 229 F.3d 877 (9th Cir. 2000) ............................................................................................... 8, 10

*Kreitzer v. Puerto Rico Cars*
  417 F. Supp 498 (1975) .................................................................................................. 12

*Lehman v. United States*,
  154 F.3d 1010 (9th Cir. 1998) ........................................................................................ 7

*Lemoge v. U.S.*,
  587 F.3d 1188 (9th Cir. 2009) ........................................................................................ 6

*Liao v. Quidachay*,
  2007 WL 196672, at *3 (N.D. Cal. 2007) ...................................................................... 7

*Nidec Corp. v. Victor Co. of Japan, Ltd.*,
  2007 WL 4108092, at *2 (N.D. Cal. Nov. 16, 2007) ..................................................... 5

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*,
  507 U.S. 380 (1993) ....................................................................................................... 6

*Reeder v. Knapik*,
  2007 WL 2088402, at *2 (S.D. Cal. July 18, 2007) ....................................................... 8

*School Dist. No. 1J v. ACandS, Inc.*,
  5 F.3d 1255 (9th Cir.1993) ........................................................................................... 10

*State of Cal. on Behalf of Cal. Dept. of Toxic Substances Control v. Campbell*,
  138 F.3d 772 (9th Cir. 1998) .......................................................................................... 5

*Sundby v. Marquee Funding Group, Inc.*,
  2020 WL 1695441 at *2 (S.D. Cal. April 7, 2020) ........................................................ 3

*United States v. Hvass*
  355 U.S. 570 (1958) ....................................................................................................... 3

*United States v. Martin*,
  226 F.3d 1042, 1048 n.8 (9th Cir. 2000) ........................................................................ 5

*United States v. Westlands Water Dist.*,
  134 F. Supp. 2d 1111 (E.D. Cal. March 13, 2001) ........................................................ 8

*Weeks v. Bayer*,
  246 F.3d 1231 (9th Cir. 2001) ...................................................................................... 10

*Wood v. Google, LLC,*
  2019 WL 1936241 at *3 (N.D. Cal. May 1, 2019) ....................................................... 10

*Yao v. Superior Court*
  104 Cal. App. 4th 327 (2002) ........................................................................................ 12, 13

**Other Authorities**

C.C.P. § 1030(b) .................................................................................................................. 13

Fed. R. Civ. P. 60(b) .............................................................................................................. 6

Fed. R. Civ. P. 61 .................................................................................................................. 4

-iv-

DEFENDANT BARRACUDA'S OPPOSITION TO PLAINTIFF REDISEGNO'S MOTION FOR RELIEF FROM ORDER TO POST UNDERTAKING - Case No. 5:20-cv-00316

I. **INTRODUCTION**

Contrary to its misleading citations to inapposite authority, Redisegno's Motion violates Local Rule 7-9, requiring leave of this Court. Redisegno studiously avoids quoting the full text of Local Rule 7-9 and refuses to call it a motion for reconsideration, but that is precisely what it is. Redisegno admits as much in its references to the standards for reconsideration (newly discovered facts, etc.). Redisegno also unilaterally decides that, even if it had sought a motion for reconsideration under Rule 7-9, it would have succeeded despite providing no evidence of newly discovered facts unknown to it in March 2021 (when it learned of Barracuda's motion for an undertaking). Redisegno further assumes its noncompliance with both the Local Rules of Court and the Court's Order would be approved by the Court of Appeals (which it affirmatively claims is the next stop if the Court declines to give Redisegno its requested relief). Rules 60 and 61, which Redisegno incorrectly cite as the governing authority for its Motion, do not apply. And even if they did, Redisegno fails to satisfy the requirements for relief thereunder.

After full briefing by the parties[1], the Court granted Barracuda's motion for an order requiring that Redisegno post a bond issued by a certified surety company securing any attorney fees and costs judgment in favor of Barracuda ("Bond Order")[2]. Now, more than six months after the Bond Order (by the time this matter is heard in February 2022), Redisegno asks the Court to ignore its inexplicable delay and noncompliance and grant it relief by vacating the relief properly granted to Barracuda. Redisegno bases its motion on supposed "new evidence,"[3] claiming (1) that

---

[1] Redisegno does not dispute that it had an opportunity to present evidence during the briefing stage and prior to the Court granting Barracuda's motion and issuing the Bond Order. *See* Redisegno's Motion at 3:10-12.

[2] *See* Dkt. No. 49.

[3] Redisegno's proffered "new facts" are simply ridiculous. It has been on notice of Barracuda's request for an undertaking (in an amount higher than that which the Court ultimately granted) since March 2021, it obviously always knows its own finances, and the fact that bonds require security is a rudimentary concept that any practicing attorney understands. Redisegno provides a declaration from its former Texas counsel but is completely silent on (1) the timing of communications with Redisegno, (2) what was known to counsel of record in the current case or (3) why or how the security requirement for a bond could possibly constitute "new" information.

1

DEFENDANT BARRACUDA'S OPPOSITION TO PLAINTIFF REDISEGNO'S MOTION FOR
RELIEF FROM ORDER TO POST UNDERTAKING - Case No. 5:20-cv-00316

it was surprised a bond requires security and (2) that it is allegedly insolvent (according to the conclusory, single sentence in a purported accountant's declaration[4]).

Redisegno then argues that it should not have to comply with the Bond Order (and Barracuda should bear all risk of collecting prevailing party fees from an out-of-state, admittedly insolvent, plaintiff), but declines to submit any evidence on the merits or address the Court's finding that its claims could reasonably found to be time-barred.[5]  Redisegno's Motion for Relief should be denied in its entirety, and Barracuda's Motion to Dismiss should be granted.

## II.     APPLICABLE RULES AND PROCEDURE

Local Rule 7-9, entitled "Motion for Reconsideration," requires that any party seeking "reconsideration of any interlocutory order" first obtain a Court order permitting the motion.

> **Motion for Reconsideration.**  (a)  Leave of Court Requirement. Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9 (b). ***No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.***  See Local Rule 7-9(a) (emphasis added).

Rule 7-9 further provides,

> (b)  **Form and Content of Motion for Leave.** A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. The moving party must specifically show reasonable diligence in bringing the motion, and one of the following:
>
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying

---

[4] *See* Declaration of Emma Alvarez ("Alvarez Dec.") attaching as Exhibit A the English translation of the Declaration of Hugo Figueroa In Support Of Motion for Reconsideration ("Figueroa Dec.") at ¶ 4 ("I have taken an inventory of the finances and the assets and liabilities of Redisegno and to that effect, I can say Redisegno is insolvent at this time.")  (Dkt. No. 54-1).

[5] In granting Defendants' Motion for an Order Requiring Plaintiff to Post an Undertaking the Court found that Barracuda demonstrated a reasonable possibility of prevailing on the merits of the remaining contract-based claims. "The expectation that Barracuda would perform under the contract by October 11, 2015 creates the reasonable possibility that Barracuda will attain a judgment against Redisegno because its claims are time barred." Dkt. No. 49 at p. 6 and fn. 3.

-2-
DEFENDANT BARRACUDA'S OPPOSITION TO PLAINTIFF REDISEGNO'S MOTION FOR
RELIEF FROM ORDER TO POST UNDERTAKING - Case No. 5:20-cv-00316

       for reconsideration did not know such fact or law at the time of the interlocutory order; or

  (2)  The emergence of new material facts or a change of law occurring after the time of such order; or

  (3)  A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Neither Rule 60 nor 61 of the Federal Rules of Civil Procedure circumvent Local Rule 7-9. "Local rules have the force of law, *United States v. Hvass* (1958) 355 U.S. 570, 574–75, and courts have discretion to dismiss cases for failure to comply with the local rules." *Sundby v. Marquee Funding Group, Inc.,* 2020 WL 1695441 at *2 (S.D. Cal. April 7, 2020) (applying Rule 60(b) and denying motion for reconsideration finding that plaintiff failed to comply with local rules by filing motion prior to requesting a hearing date); *see also EL v. Ally Financial, Inc.,* 2021 WL 4860047 (C.D. Cal. July 2, 2021) (dismissal proper for failure to comply with local rules).

Rule 60, entitled "Relief from a Judgment or Order," provides in pertinent part:

  (a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

  (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative **from a final judgment, order, or proceeding** for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

*See* Fed. R. Civ. P. Rule 60 (emphasis added).

The Bond Order is not a "final order" within the meaning of Rule 60. *See In re Volkswagen Clean Diesel Marketing Sales Practices and Products Liability Litigation,* 2017 WL 2438645 at * 2 (N.D. Cal. June 6, 2017) ("An interlocutory order is as "[a]n order that relates to some intermediate matter in the case; any order other than a final order." *Black's Law Dictionary* (10th ed. 2014). A final order, in contrast, is defined as "[a]n order that is dispositive of the entire case.") Rule 60 does not apply here.

Redisegno also cites Federal Rule 61 as grounds for its motion.[6] But Rule 61, entitled "Harmless Error," does not apply here either. Redisegno even acknowledges that Rules 60 and 61 only apply when a party seeks relief "from a final judgment or order" (*see* Motion at 4:4-7) and Redisegno bears the burden of establishing it meets the criteria thereunder. Because Plaintiff does not establish any error by the Court, Rule 61 is not applicable. Redisegno points to *Alshafie v. Lallande*, 171 Cal. App. 4th 421 (2009) and *Baltayan v. Estate of Getemyan*, 90 Cal, App. 4th 1427 (2001) (*see* Motion at 4:16-22) suggesting these cases provide support for the application of Rules 60 and 61 but neither case discusses or even references the Rules.

### III. ARGUMENT

#### A. Redisegno Applies the Incorrect Legal Standards for Reconsideration.

##### 1. Local Rule 7-9 Governs Interlocutory Orders

Local Rule 7-9 governs the timing, procedure and legal standards for seeking reconsideration of an interlocutory order of the Court. The Bond Order is an interlocutory order

---

[6] Redisegno claims that Rule 61 provides authority for "vacating the prior court order based upon a result that (5) "…applying it prospectively is no longer equitable; or (6) any other reason that justifies relief" but cites no authority for the quoted text which is not contained within Rule 61. *See* Motion at 4:7-9; *compare* Fed. R. Civ. P. 61. Redisegno's Motion does not substantively address Rule 61 other than in the cursory (and incorrect) statement on page 4.

-4-
DEFENDANT BARRACUDA'S OPPOSITION TO PLAINTIFF REDISEGNO'S MOTION FOR RELIEF FROM ORDER TO POST UNDERTAKING - Case No. 5:20-cv-00316

subject to Local Rule 7-9.  *See, e.g., Johnson v. CFS II, Inc.*, 2013 WL 6700394, at *1 (N.D. Cal. Dec. 19, 2013) (motions for reconsideration of an interlocutory order are governed by Civil Local Rule 7–9); *Nidec Corp. v. Victor Co. of Japan, Ltd.*, 2007 WL 4108092, at *2 (N.D. Cal. Nov. 16, 2007) (same).

### 2. Rule 60(b) Does Not Apply to Interlocutory Orders.

Rule 60(b) expressly states that it pertains to relief sought from a "*final judgment, order, or proceeding,*" which the Bond Order is not.  Redisegno provides no authority in support of its position that Rule 60(b) applies to interlocutory orders and cannot refute either the Rule's language or the well-established case law limiting reconsideration under Rule 60(b) to *final* orders. *See United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000) (Rule 60(b), like Rule 59(e), applies "only to motions attacking final, appealable orders"); *see also State of Cal. on Behalf of Cal. Dept. of Toxic Substances Control v. Campbell*, 138 F.3d 772, 776-77 (9th Cir. 1998) ("an order that adjudicates less than all claims" is not a final judgment).[7]

In fact, the full text of subsection (2), which was selectively truncated in Redisegno's citation to the Rule, emphasizes that Rule 60(b) only applies to final judgment and orders: "newly discovered evidence that, with reasonable diligence, *could not have been discovered in time to move for a new trial under Rule 59(b)*"[8].  The Advisory Committee Notes confirm the inapplicability of Rule 60 to interlocutory orders such as the Bond Order from which Redisegno seeks relief:

> The addition of the qualifying word "final" emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence ***interlocutory judgments are not brought within the restrictions of the rule***…

---

[7] Redisegno acknowledges that the Bond Order is interlocutory by its repeated references urging the Court not to dismiss the action because it is the dismissal of its claims that would trigger an appealable final order.  *See* Motion at 6:1-3 and 7:19-23; *see also* 4:23-24 (citing C.C.P. section 1030(g) which states "[a]n order granting or denying a motion for an undertaking under this section is not appealable.")

[8] Rule 59(b) applies to new trials after judgment.

-5-

*See* Fed. R. Civ. P. 60(b) Advisory Committee's Note to 1946 amendment.

Redisegno's characterization of its motion as one for relief under Rule 60(b) is an overt attempt to circumvent the requirements of Local Rule 7-9, both procedurally (by failing to seek leave of court prior to filing the motion) and substantively (in its inability to prove any of subsection (b)'s factors or make a specific showing of reasonable diligence). Misnaming its motion as a "Motion for Relief" based on Rule 60(b) does not change the fact that what Redisegno seeks is reconsideration of the Court's Bond Order. *See City of Indio v. Solomon*, 2012 WL 12888855, at *4 (C.D. Cal. Aug. 1, 2012) ("[V]irtually all relevant precedents expressly recognize Rule 60(b) motions as motions for reconsideration.")

Evidence of Redisegno's calculated maneuvering appears in the footer of the English translation of Mr. Figueroa's declaration which is entitled "DECLARATION OF HUGO FIGUEROA IN SUPPORT OF MOTION FOR RECONSIDERATION" (*see* Alvarez Dec., Ex. A). Redisegno forgot to change the footer to "Motion for Relief From Order" on the English translation version of the Figueroa Declaration to match its other moving papers after apparently realizing it needed to call its reconsideration motion something else. Redisegno knew exactly what it was trying to slip past the Court when it filed this motion.

### 3. In any Event, Redisegno Cannot Satisfy Rule 60(b).

Even if Rule 60(b) applied (which Barracuda disputes), Redisegno failed to satisfy its requirements. To determine if relief under Rule 60(b)(1) applies to an error of a party or its counsel the court analyzes four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Lemoge v. U.S.*, 587 F.3d 1188, 1192 (9th Cir. 2009). "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" *See Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir. 1997) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.,* (1993) 507 U.S. 380, 394. Redisegno argues that neither it nor its attorneys knew that bonds require security. In other words, Redisegno argues its failure to know common, nationwide bonding practices constitutes

excusable neglect under Rule 60(b)(1). "Ignorance of the law does not constitute "mistake, inadvertence, surprise, or excusable neglect." *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir.1992); *see also Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998) (Rule 60(b) cannot remedy "[n]eglect or lack of diligence").

Further, Redisegno offers no evidence when it first discovered that it needed security, nor does its counsel's declaration explain why this information is "new" and could not have been discovered before the expiration of Redisegno's deadline to post the bond. Redisegno also provides no evidence of any good faith efforts. To the contrary, the evidence suggests a *lack of good faith* based on its unexplained delay, failure to provide any detail or substance (let alone any documentary support) within the declarations of its counsel and account and given its disregard for the Local Rules (including the untimely filing of its Motion for Relief more than fourteen days after reserving the hearing date). Redisegno cannot revive a motion for consideration by labeling it something different and then ignoring the plain language of both Local Rule 7-9 and Rule 60(b).

### B.     Redisegno's Motion Fails to Comply with Rule 7-9.

Redisegno was required to obtain leave of Court *before* noticing this Motion yet it indisputably failed to do so. For this reason alone, the Motion may be denied as procedurally improper. *Liao v. Quidachay*, 2007 WL 196672, at *3 (N.D. Cal. 2007) (a motion for reconsideration which fails to satisfy the requirements of Local Rule 7-9 must be denied); *Ankele v. Johnson*, 2005 WL 1459553, at *2 (N.D. Cal. June 21, 2005) (failure to obtain leave of court before filing a motion to reconsider under Local Rule 7-9 "alone warrants dismissal" of the motion). In any event, Redisegno cannot meet the requirements of Rule 7-9.

#### 1.     Redisegno Fails to Make The Requisite Rule 7-9 Showing.

Rule 7-9 requires that Redisegno show that it acted with reasonable diligence *and* at least one of the following grounds apply:

(1) a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order;

(2) new material facts or a change of law occurring after the time of such order; or

(3) a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before the interlocutory order.

"A party seeking reconsideration must show more than a disagreement with the Court's decision." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "A motion to reconsider is not another opportunity for the losing party to make its strongest case, reassert arguments, or revamp previously unmeritorious arguments." *Reeder v. Knapik*, 2007 WL 2088402, at *2 (S.D. Cal. July 18, 2007); *see also Campion v. Old Republic Home Protection Co., Inc.*, 2011 WL 1935967, at *2 (S.D. Cal. May 20, 2011).

### a) Redisegno Presents No Evidence of Reasonable Diligence.

In support of its Motion, Redisegno submits two declarations – one from its Texas attorney and one from its new accountant – both of which lack foundation, omit necessary background facts, fail to establish any timelines, make assumptions and are conclusory. *See* Barracuda's Evidentiary Objections filed herewith. The concept of reasonable diligence is completely absent from anything in Redisegno's motion.

### b) Redisegno's "New Evidence" Is Not New.

#### (1) Counsel's "Surprise" of Surety Requirements

Redisegno argues that it "did not know, nor could not know" (*sic*) prior to the Court issuing the Bond Order "that the [undertaking] amount would necessitate that it come up with all the $250,000.00 as opposed to an anticipated 10% thereof". *See* Motion at 4:10-12. Redisegno further claims that this "new evidence" was based upon its counsel's mistake or ignorance as to how surety bonds are obtained. *Id.* Inexplicably, Redisegno's counsel of record in *this case* did not provide a declaration or any supporting information to substantiate Redisegno's position or justify the delay in only now purportedly learning that bonds require collateral. Instead, Redisegno offers a declaration from its Texas-based attorney, Alan Ray San Miguel, who has not appeared in this case to date. Mr. San Miguel's declaration omits any mention of the timing of the

conversations he supposedly had with Redisegno and with Surety One, Inc. and fails to identify with whom he even spoke. Mr. Miguel apparently quotes an email with Surety One referenced as Exhibit A, but the declaration includes no attachments. In any event, these are not "new facts;" rather, bonding requirements are common knowledge and otherwise easily learned in the briefest communication or Google search.

### (2)  Redisegno's Unsubstantiated "New" Insolvency

Redisegno claims, for the first time, that it is insolvent and unable to post the bond due to financial hardship. The only support it provides for its purported condition is a single sentence from its purported accountant (who has only worked for Redisegno since 2020) claiming that he took "an inventory of the finances and the assets and liabilities of Redisegno" and presumably based on this exercise (which he declines to describe or provide any documentation of) he opined that "Redisegno is insolvent at this time." *See* Figueroa Dec., ¶ 4. Redisegno clearly recognized that Mr. Figueroa's declaration lacked the necessary substance indicated by the notation within its brief to "add facts of Plaintiff's declaration here," which facts Redisegno clearly knew it needed but evidently could not provide.[9]

In addition to the evidentiary holes and lack of any back-up data, financial reports, or detail as to Redisegno's financial condition, Redisegno fails to explain how this information constitutes (1) a material difference in fact or law from that presented before the Bond Order, (2) a new material fact or a change of law, or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments previously presented to the Court.

Redisegno had ample opportunity to submit evidence of its supposed indigency during the briefing on Barracuda's motion or even prior to the expiration of time it was ordered to post the bond. Redisegno made no attempt to supplement its patently insufficient opposition to Barracuda's motion for an order requiring posting of an undertaking. Now, months later it seeks

---

[9] *See* Motion at 6:18-20: "Redisegno S.A. de C.V. is insolvent at this time and is unable to gather the funds required for this 100% backed Undertaking. (See Declaration of Hugo Figueroa ¶ 4) (***add facts of Plaintiff's declaration here***)". (emphasis added).

to present evidence of its financial condition under the guise of "new" or "additional information" which it erroneously argues the Court is "obligated" to consider. Motions for reconsideration are not intended to give the moving party a "second bite at the apple". *Weeks v. Bayer*, 246 F.3d 1231, 1236-37 (9th Cir. 2001). A motion for reconsideration may not be used to relitigate old matters, or to raise arguments or present evidence for the first time that reasonably could have been raised earlier in the litigation. *Exxon Shipping Co. v. Baker* (2008) 554 U.S. 471, 486 n.5; *see also Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (the motion "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").

Redisegno was never denied an opportunity to demonstrate its newly-claimed indigence. It simply never did so. *See School Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993) ("The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'").

### c) Legal Authority Presented for The First Time In Redisegno's Reconsideration Motion

Redisegno presents case law on legal issues implicated by Barracuda's motion for an undertaking resulting in the Bond Order. *See* Motion at 5-7 (discussion of *Alshafie, Baltayan, Yao, Kreitzer*). Local Rule 7-9(b)(1) only permits consideration of materially different law than that which was presented to the Court in its briefing on the bond motion *and* Redisegno must also show that it exercised reasonable diligence but did not know of the law previously. Redisegno's opposition to Barracuda's motion for an undertaking did not raise these cases – all of which had been decided *prior to* the Court's Bond Order. *See* Dkt. 44. Thus, neither 7-9(b)(1) or 7-9(b)(2) apply nor can Redisegno show that it exercised reasonable diligence when it failed to cite them earlier. *See Wood v. Google, LLC,* 2019 WL 1936241 at *3 (N.D. Cal. May 1, 2019) citing *Frietsch v. Refco, Inc.,* 56 F.3d 825, 828 (7th Cir. 1995) ("It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.").

1  Redisegno's Motion must be denied for failing to demonstrate that there has been newly
2  discovered evidence, a clear error by the Court, or an intervening change in controlling law.

### C. Redisegno's Misapplication Of Additional Case Law.

Relying heavily upon *Alshafie v. Lallande,* 171 Cal. App. 4th 421, 435-36 (2009), Redisegno contends it must be afforded an opportunity to present "additional information" as to its alleged entitlement to a waiver (presumably under section 995.240) and its "newly discovered" insolvency. Redisegno further intimates that this Court will be overturned on appeal if it prohibits Redisegno from presenting this "additional information" or fails to consider it.

*Alshafie* does not support Redisegno's position, nor does any of the other legal authorities cited for the first time in its Motion rather than in its opposition to Barracuda's motion for an undertaking. Redisegno's carefully selected quotes mischaracterize the *Alshafie* court's findings and omit key facts contradicted by Redisegno's actions in this case. In *Alshafie*, the "additional information" at issue was submitted by the plaintiff <u>three days before the hearing</u> on the motion for undertaking and before the Court granted the motion. This is in stark contrast to Redisegno asking the Court to change its prior Bond Order several months *after* it was issued *and after* Redisegno failed to comply with the Order.

Redisegno's reliance on *Baltayan v. Estate of Getemyan*, 90 Cal. App. 4th 1427 (2001), is also misplaced. In *Baltayan* the defendant sought relief from the order *prior to* the expiration of the deadline to post the bond and the appellate court reversed the dismissal based upon his *in forma pauperis* status. *Baltayan* also submitted evidence of his and his wife's personal finances, including tax returns. Here, Redisegno has offered nothing to support its conclusory statement that it is insolvent.

Redisegno's introduction of *Alshafie* and *Baltayan* in its Motion also calls into serious question the credibility and veracity of its newly-made insolvency plea. Why did it make no attempt to offer evidence of its alleged insolvency and request a waiver from the requirements of section 1030 in its opposition to Barracuda's motion or at the very latest prior to the expiration of the deadline of the Bond Order? Redisegno offers no explanation for its failure to take any action

1  until filing its untimely motion for reconsideration (aka motion for relief) on October 21, 2021.
2  Redisegno had months before the July 22, 2021 Bond Order to plead poverty, and did not do so;
3  instead it opposed Barracuda's motion on other grounds, lost the motion, ignored the Court's order
4  until after the time to comply expired, and then "realized" it was broke, providing literally nothing
5  to support the claim.[10]  This entire scenario smacks of after-the-fact fabrication.

6       As an apparent last resort, Redisegno attempts to persuade the Court to reconsider the
7  Bond Order based on its mischaracterization of *Yao v. Superior Court,* 104 Cal. App. 4th 327
8  (2002)[11], asserting that an order under section 1030 is appealable "by different methods". *See*
9  Motion at 5:18-21.  Redisegno omits that the issues addressed in *Yao* were expressly pertaining to
10 whether section 1030 applied to a *cross-complaint* and afforded a plaintiff the same remedy as a
11 defendant in obtaining an undertaking.  The *Yao* Court declined to extend section 1030 to out-of-
12 state cross-claimants.  "[T]o construe the statute to include an out-of-state cross-complainant
13 would not promote the policy served by the statute, which protects California residents who are
14 sued by out-of-state plaintiffs." *Id*.

15     **D.**     **Redisegno's Erroneous Assertion of Section 1030's Legal Standard.**

16      Redisegno misinterprets the Bond Order (which it erroneously cites as dated August 22,
17 2021), as the Court applied the correct "reasonable possibility" standard.  In concluding that
18 Barracuda satisfied the requirements of section 1030, the Court also highlighted its previous

---

[10] Indeed, Redisegno even disregarded the Court's standing orders by failing to file its moving papers within 14 days of confirming the February 10, 2022 hearing date.

[11] Redisegno also misstates the holdings of *Aggarwal v. Ponce School of Medicine,* 745 F. 2d 723 (1st Cir. 1984) and *Kreitzer v. Puerto Rico Cars,* 417 F. Supp 498 (1975).  *Aggarwal* arose from a Puerto Rico District Court decision applying a local rule concerning security and the order requiring the plaintiff to post a bond was entered prior to the deadline for plaintiff to submit an opposition brief on the motion and without hearing on the matter.  Similarly, *Kreitzer* was a constitutional challenge to the Puerto Rico District Court's local rules requiring a security bond the court held were constitutional.  Redisegno pulls these cases from a footnote in the <u>concurring opinion</u> of *Baltayan* questioning the potential discriminatory effect of requiring an undertaking and analyzing the strict scrutiny versus rational basis test under the equal protection clause. *See* Motion at 6:25-7:16 and *Baltayan, supra,* 90 Cal. App. 4th 1427 (*see* Concurrence).  In the twenty years since the 2001 *Baltayan* decision, no court has found that section 1030 is unconstitutional.

finding that equitable tolling did not apply since Redisegno waited more than two years after the Southern District of Texas dismissed that action before it filed this action. *See* Dkt. 49, fn 3.  The Court correctly determined there was "a reasonable possibility that Barracuda will attain a judgment against Redisegno because its claims are time barred". *See* Dkt. 49 at 6.

Redisegno curiously cites *Yao, supra,* 104 Cal. App. 4th 327, arguing that section 1030 requires a showing that "there is no reasonable possibility the out-of-state plaintiff will prevail" and seemingly arguing Rule 7-9(b)(3) applies.  But this misstates the legal standard in section 1030(b) and Redisegno's piecemeal quotes from *Yao* contradict its holding, which did not alter the legal standard of 1030(b).  Redisegno's claim apparently stems from its inattention to the underlying facts on which *Yao* was decided: a plaintiff's motion seeking to obtain an undertaking against a defendant for the defendant to maintain a cross-complaint.

Section 1030(b) sets forth the requisite showing for a defendant seeking an order that plaintiff provide an undertaking.  It expressly states that "[t]he motion shall be made on the grounds that the plaintiff resides out of the state or is a foreign corporation and that there is a ***reasonable possibility that the moving defendant will obtain judgment in the action*** or special proceeding.  *See* C.C.P. § 1030(b).  To satisfy the "reasonable possibility" standard, Barracuda was not "required to show that there was no possibility that Redisegno could win at trial", but only that it is reasonably possible that Barracuda could prevail.  *See Gabriel Technologies Corp. v. Qualcomm, Inc.,* 2010 WL 3718848, at *5 (S.D. Cal. Sept. 20, 2010) ("To satisfy the requirements of section 1030, Defendants must produce sufficient evidence to demonstrate they have a 'reasonable possibility' of defeating ... Plaintiffs' claims, but no more.").

/ / /

/ / /

/ / /

## IV. CONCLUSION

Redisegno's Motion is procedurally improper and fails to present evidence in support of its delay (in both bringing this Motion and its attempts to belatedly introduce evidence which was clearly known (or should have been known) sufficient to justify the "extraordinary remedy" of reconsideration. Redisegno's Motion should be denied. Barracuda is entitled to dismissal of Redisegno's claims against it with prejudice without further delays or incurred costs.

JOSEPH & COHEN, P.C.

Date: November 4, 2021          By: /s/ Robyn C. Callahan
                                    Jeffrey J. Lederman
                                    Robyn C. Callahan
                                    Attorneys for Defendants
                                    BARRACUDA NETWORKS, INC. and
                                    ISMAEL TOSCANO