UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REDISEGNO.COM, S.A. DE C.V.,<br><br>Plaintiff,<br><br>v.<br><br>BARRACUDA NETWORKS, INC., et al.,<br><br>Defendants. | Case No.  5:20-cv-00316-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS; DENYING MOTION FOR RELIEF**<br><br>Re: Dkt. Nos. 53, 54 |

Rather than repeat the factual background of this case, the Court directs the Parties to its July 2021 Order. *See* Order Granting Defendant's Motion for an Order Requiring Plaintiff to Post an Undertaking ("July 2021 Order"), Dkt. No. 49. In its July 2021 Order, this Court ordered Plaintiff Redisegno.com, S.A. DE C.V. ("Redisegno") to post an undertaking in the amount of $250,000 within 30 days. July 2021 Order at 7. As of the date of this Order, Redisegno has yet to post an undertaking. In response, Defendant Barracuda Networks, Inc. ("Barracuda") moved to dismiss the action. *See* Defendant Barracuda's Notice of Motion and Motion to Dismiss ("MTD"), Dkt. No. 53. On October 22, 2021, Redisegno filed an opposition, to which Barracuda filed a reply. *See* Opposition to Defendant's Motion to Dismiss ("Opp."), Dkt. No. 56; Defendant Barracuda Networks, Inc.'s Reply to Plaintiff's Opposition ("Reply"), Dkt. No. 57. Redisegno also moved separately for relief from the Court's July 2021 Order. *See* Plaintiff Redisegno's Motion for Relief from Court's Order of July 22, 2021, Requiring Positing of Undertaking ("Mot. for Relief"), Dkt. No. 54. On November 4, 2021, Barracuda filed an opposition, to which Redisegno filed a reply. *See* Defendant Barracuda's Opposition to Plaintiff's Motion for Relief ("Opp. re Relief"), Dkt. No. 58; Plaintiff Redisegno's Reply to Defendant's Opposition ("Reply re

Case No.: 5:20-cv-00316-EJD
ORDER GRANTING MOTION TO DISMISS; DENYING MOTION FOR RELIEF
1

Relief"), Dkt. No. 62. Having considered the Parties' papers, the Court **GRANTS** Barracuda's motion to dismiss and **DENIES** Redisegno's motion for relief.[1]

## I.     DISCUSSION

To resolve Barracuda's motion to dismiss, the Court must first determine whether Redisegno's motion for relief should be granted. Redisegno argues that the Court's July 2021 Order should be vacated because of new evidence and changed circumstances. At the time of the July 2021 Order, Redisegno believed that it would be able to transact business with a surety and obtain a bond for the undertaking. However, Redisegno has been unable to find surety and does not have the means to fund the entire undertaking amount. *See* Mot. for Relief at 3. Redisegno argues that this changed circumstance requires the Court to vacate its prior order or modify its order so that Redisegno is not deprived of its due process right to have the merits of this action heard. The Court disagrees.

Contrary to Redesigno's motion, Federal Rule of Civil Procedure 60 is irrelevant. Rule 60(b) applies only to relief sought from a "final judgment, order, or proceeding," which the July 2021 Order is not. *See United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000) ("Rule 60(b), like Rule 59(e), applies only to motions attacking final, appealable orders, and thus was not applicable to the Government's motion."). Instead, only Federal Rule of Civil Procedure 54(b) is relevant, as is Civil Local Rule 7-9 on which Rule 54 is based. Pursuant to Civil Local Rule 7-9, any party seeking "reconsideration of [a] interlocutory order" must first obtain leave to file such motion. *See* N.D. Cal. Civ. L.R. 7-9(a) ("No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."). Redisegno has not sought leave to file a motion for reconsideration. Redisegno's motion fails on this ground alone.

However, even assuming that the motion is properly before the Court, Redisegno does not demonstrate that reconsideration is warranted. To demonstrate that reconsideration is warranted, a party must show "a material difference in fact or law from that which was presented to the Court

---

[1] The Court finds this motion appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b).

Case No.: 5:20-cv-00316-EJD
ORDER GRANTING MOTION TO DISMISS; DENYING MOTION FOR RELIEF
2

before entry of the interlocutory order," "new material facts or a change of law occurring after the time of such order," or "a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before the interlocutory order." N.D. Cal. Civ. L.R. 7-9. Reconsideration requires more than a mere "disagreement with the Court's decision." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2020); *see also Reeder v. Knapik*, 2007 WL 2088402, at *2 (S.D. Cal. July 18, 2007) ("A motion to reconsider is not another opportunity for the losing party to make its strongest case, reassert arguments, or revamp previously unmeritorious arguments.").

Redisegno does not present any new evidence or evidence of changed circumstances. First, Redisegno argues that it "did not know, nor could not know" that a surety would not aid in covering the bond. *See* Mot. for Relief at 4. Redisegno maintains that this constitutes "new evidence" based on its counsel's mistake or ignorance regarding surety bonds. But ignorance of how the surety process works is not a new fact or piece of evidence. On the contrary, bonding requirements were widely known or easily ascertainable prior to the July 2021 ruling.

Next, Redisegno argues that its new insolvency presents a changed circumstance. However, the only support for this is a single sentence in a declaration that "Redisegno is insolvent at this time." *See* Declaration of Hugo Figueroa in Support of Motion for Relief from Order ("Figueroa Decl.") ¶ 4, Dkt. No. 54-1 ("In my capacity as Redisegno's Accountant, . . . I can say Redisegno is insolvent at this time."). The lack of any back-up data, financial reports, or detail as to Redisegno's financial condition is problematic. Additionally, Redisegno does not explain how insolvency constitutes a changed circumstance that warrants reconsideration. Redisegno was able to present such evidence during (1) the briefing on Barracuda's motion for an undertaking or (2) prior to the expiration of the posting period. It did neither. *See Kona Enters.*, 229 F.3d at 890 ("[Reconsideration] may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."); *see also*

Case No.: 5:20-cv-00316-EJD
ORDER GRANTING MOTION TO DISMISS; DENYING MOTION FOR RELIEF
3

*School Dist. No. IJ v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("The overwhelming weight of authority is that failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'").

Finally, Redisegno presents case law on legal issues implicated by the July 2021 Order. *See* Mot. for Relief at 5–7. Local Rule 7-9(b)(1) only allows this Court to consider materially different law than that which was presented to the Court *and* requires that the party applying for reconsideration show "that in the exercise of reasonable diligence, [it] did not know such fact or law at the time of the interlocutory order." While the cases cited by Redisegno were not presented to the Court, each was decided well before the Court issued its July 2021 Order. Thus, Redisegno must demonstrate that it exercised reasonable diligence when it failed to cite these cases. It has not done so, and the Court **DENIES** Redisegno's motion for relief. *See Wood v. Google, LLC*, 2019 WL 1936241 at *3 (N.D. Cal. May 1, 2019) ("It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end . . . ." (citation omitted)).

The Court moves to Barracuda's motion to dismiss. Pursuant to Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Likewise, California Code of Civil Procedure § 1030(d) requires that "[i]f the plaintiff fails to file the undertaking within the time allowed, the plaintiff's action . . . shall be dismissed as to the defendant in whose favor the order requiring the undertaking was made." Federal courts applying section 1030(d) have dismissed a plaintiff's claims for failure to comply with an order to post a bond. *See, e.g.*, *Interlabservice, OOO v. Illumina, Inc. Eyeglasses*, 2017 WL 4335030 (S.D. Cal. Sept. 26, 2017) (dismissing the plaintiff's action under Rule 41(b) for failure to post a bond); *Pittman ex rel. L.P. v. Avish P'ship*, 525 F. App'x 591, 594 (9th Cir. 2013) (affirming dismissal under Rule 41(b) after the plaintiff failed to post a section 1030(b) security bond within the time ordered). Because Redisegno has failed to comply with this Court's undertaking order, the Court **GRANTS**

Case No.: 5:20-cv-00316-EJD
ORDER GRANTING MOTION TO DISMISS; DENYING MOTION FOR RELIEF
4

Barracuda's motion to dismiss.

## II. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Barracuda's motion to dismiss and **DENIES** Redisegno's motion for relief. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 25, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-00316-EJD
ORDER GRANTING MOTION TO DISMISS; DENYING MOTION FOR RELIEF
5